CATHERINE RELAY, PROSECUTOR, v. CONTINENTAL AMERICAN LIFE INSURANCE COMPANY, RESPONDENT.

Argued May 1, 1945—Decided July 23, 1945.

Before BROGAN, CHIEF JUSTICE, and Justice PARKER.

For the prosecutor, *David Roskein* (*John A. Laird,* of counsel).

For the respondent, *Kristeller & Zucker* (*Saul J. Zucker,* of counsel).

BROGAN, CHIEF JUSTICE. This is a compensation case. The Bureau allowed compensation. On appeal the Pleas reversed. *Certiorari* was allowed and we proceed to an examination of the law and the facts of the case.

The decedent, Irvin Relay, on account of whose death compensation is sought by his widow in her own behalf and for the benefit of two infant children, was an insurance solicitor for the respondent, Continental American Life Insurance Co. On August 22d, 1941, he came to the National Newark and Essex Building in the City of Newark, where he had an office on the twentieth floor. He was not feeling well, according to the testimony of the elevator operator of the building who took him to the floor where his office was. He left the elevator and turned to go in the direction of his office. This was between 7 and 7:30 in the evening. A little later a witness, who worked in an adjoining building, saw a man's body hurtling through the air and fall in an adjoining lot. It proved to be the decedent, Relay.

The defenses to the petitioner's claim are that the death resulted from suicide; that the decedent was not an employee in the statutory sense and, finally, that the death, if by accident, did not arise out of and in the course of the employment.

The evidence in the case is clear that at the time, or just prior to his death, decedent was sick at his stomach. It appeared that he had vomited in the hallway on the twentieth floor and evidence thereof was found in the neighborhood of one of the elevator shafts and on the window sill of the window from which he fell.

In the view we take of this case it is unnecessary to consider the first two contentions of the employer. We incline to the view that the petitioner did not sustain the burden of proving that the death arose out of decedent's employment. The decedent was sick at the time he reached the building where his office was located. His illness was neither related to nor a consequent of anything that he had done in the course of his employment. On that day he had had lunch with his wife around noon; thereafter they then went to their home and at about 4:30 they visited the home of the petitioner's mother. Thereafter the decedent left and there is no evidence whatever to account for his activities between that time and the time of his death. Whether he ever reached his office to undertake any work for the company is unknown. The probability is to the contrary. His secretary testified that he frequently came to his office at night. She had on occasions left letters for him to sign, as well as memoranda. She concluded he had been at the office after hours on these occasions because the letters would not be on his desk in the morning. On this day no letters or messages had been left for him. There is no proof that on the night in question deceased entered his office. Compare *Steers* v. *Dunnewald,* 85 *N. J. L.* 449.

Nothing in the statute, *R. S.* 34:15–7, *et seq.,* relieves the petitioner for compensation of the burden of establishing that the injury or death arose by accident out of and in the course of the employment. *Gilbert* v. *Gilbert Machine Works,* 122 *N. J. L.* 533; *Kuropata* v. *National Sugar Refining Co.,* 126 *Id.* 44; *Kramerman* v. *Simon,* 131 *Id.* 250.

In sum, we find that the petitioner has failed to establish her case by the standard of proof which the statute requires. The judgment of the Pleas is affirmed and the writ is consequently dismissed, but without costs.